# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.C., by and through his Parent, MARIE CONYERS, | : | |
| Plaintiffs | : | CIVIL ACTION |
| v. | : | No. 19-520 |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA, | : : | |
| Defendant. | : | |

MCHUGH, J.                                                                                                          JULY 31, 2019

## MEMORANDUM

This is an appeal from the due process decision of a hearing officer under The Individuals with Disabilities Education Act (IDEA). The immediate issue before me is whether Plaintiff can supplement the record in support of her appeal. The Defendant school district argues that Plaintiff has a threshold burden of establishing sufficient cause for having failed to introduce the evidence in question at the due process hearing. The statute itself does not establish such a requirement, and although some district courts have required such a showing to be made, the Third Circuit Court of Appeals has not adopted such a standard. In fact, a close reading of its decisions reveals that it has declined to do so even when the issue was squarely before it. The governing precedent from the Third Circuit directs a district court to focus on whether the testimony is relevant and non-cumulative. Applying that test here, Plaintiff Marie Conyers will be permitted to supplement the record with her testimony. I will also independently evaluate the qualifications of the expert excluded by the hearing officer, and if she is qualified, consider the relevance of the proffered testimony.

## I. Factual and Procedural Background

This case presents with a somewhat peculiar procedural history. On August 30, 2017, Ms. Conyers filed a due process hearing complaint on behalf of her son claiming that the District had failed to timely convene an Individualized Education Program (IEP) meeting or offer an IEP for M.C. prior to the school year. The matter proceeded to a due process hearing held before Independent Hearing Officer (IHO) Linda Valentini, which began on December 20, 2017. On the initial day of the hearing, Ms. Conyers's counsel led her through a direct-examination. Ms. Conyers was then subject to cross-examination and a redirect-examination, which concluded her testimony. Prior to the second scheduled day of the hearing, however, Plaintiff's counsel either withdrew or was discharged from the case and the hearing was continued as she sought replacement counsel.

Soon thereafter, Ms. Conyers found replacement counsel, who then withdrew the first due process complaint on February 25, 2018. 2d Hr'g Tr., Ex. 8, Page 48:17-23. Neither the IDEA nor any state statute addresses the withdrawal of a due process complaint, but section 407 of the Pennsylvania Department of Education's Dispute Resolution Manual provides that only the party who filed the complaint may seek withdrawal, and that once a case has been assigned to an IHO, an officer must rule on the request. PA. DEPT. OF EDUCATION, OFFICE FOR DISPUTE RESOLUTION, Pennsylvania Special Education Dispute Resolution Manual, 13 (2017), https://odr-pa.org/wp-content/uploads/pdf/Dispute-Resolution-Manual.pdf. Although the record here is silent, I will presume that the first hearing officer complied with the requirements of the Manual.

Plaintiff's counsel filed a new due process complaint in early May 2018. The District filed its answer to the new complaint on May 18, 2018, which acknowledged the previous

hearing but did not raise any defenses of claim or issue preclusion. A second hearing, held before IHO Jake McElligot, began on June 22, 2018. As Plaintiff's counsel began her direct examination of Ms. Conyers, the IHO realized, for the first time, that Ms. Conyers had testified in the previous due process hearing in December 2017. He then immediately, *sua sponte*, ordered Ms. Conyers to limit her testimony to events that occurred after January 1, 2018 because he believed that "as of December, that record had been created," though he agreed to revisit the issue once he had a chance to review the transcript from the prior hearing. 2d Hr'g Tr. 54:20-21. After reviewing the transcript, the IHO maintained his ruling and admitted the notes of testimony and exhibits from the December 20, 2017 hearing into evidence.

On the second day of the hearing, Plaintiff's counsel requested the IHO to reconsider the limitation, but he declined to do so, explaining that, although the questioning by her prior attorney during the first hearing was admittedly "minimal as to that time period and as to those documents," Ms. Conyers nonetheless had the opportunity to be examined about those events by counsel in an adversarial proceeding. 2d Hr'g Tr. 233:21-22. The IHO determined it would be "untenable" to afford her another opportunity to testify: "to hold otherwise would allow someone to engage in a hearing process, withdraw a complaint, . . . and then, to use the common playground parlance, get a do-over." 2d Hr'g Tr. 236:15-22. As a result, Plaintiff's direct examination consisted of four questions in total. The IHO maintained this limiting instruction for any rebuttal testimony as well, even though District witnesses, who were not called during the first hearing, testified about Plaintiff's and the District's personnel's actions *prior* to January 2018.

Plaintiff also presented testimony from an expert witness, Dr. Felicia Hurewitz, at the second hearing. Although she was able to testify to M.C.'s needs as a child with autism and in

transitioning to a secondary setting, the IHO found Dr. Hurewitz's expertise otherwise limited and prohibited her from testifying about M.C.'s speech and language needs and from giving her opinion as to whether the District's proffered Individualized Education Program (IEP) addressed his needs.

After the second hearing was completed, the IHO issued a Final Decision and Order finding that the District's programming offered for the 2017-2018 and 2018-2019 school years was appropriate under the IDEA. In justifying his refusal to allow broader testimony from Plaintiff, the IHO stated that Ms. Conyers had "testified to events between the parties generally from the fall of 2017, specifically including educational programming/documentation, communications, and interactions related to 10/2017 IEP, 11/2017 Re-evaluation process," and that "parent had been given an opportunity to develop an evidentiary record, as of 12/20, 2017, related to the alleged inappropriateness of the 10/2017 IEP and 11/2017." ODR Decision, Ex. 2, 4. Plaintiff then filed for judicial review and brought the present motion to supplement the administrative record with additional testimony from Plaintiff and her expert, Dr. Hurewitz.

## II.  The Standard For Supplementing The Record In The Third Circuit

When a party brings an action for judicial review of an IDEA administrative decision, 20 U.S.C. § 1415(i)(2)(C)(ii) provides that the "court shall hear additional evidence at the request of a party." The Third Circuit first considered the application of this provision in *Susan N. v. Wilson Sch. Dist.,* 70 F.3d 751 (3d Cir. 1995). In crafting the standard a district court should employ when considering whether to admit additional evidence, *Susan N.* engaged in a thorough discussion of the First Circuit's decision in *Town of Burlington v. Dept. of Educ.*, 736 F.2d 773 (1st Cir. 1984), *aff'd on other grounds*, 471 U.S. 359 (1985). Although it discussed *Burlington* at length, *Susan N.* did not adopt the many limitations on supplemental evidence embraced by

the First Circuit. Instead, it held that the district court must evaluate a party's proffered evidence and exercise "particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative and useful" in determining whether a child's program is in compliance with the IDEA. *Susan N.*, 70 F.3d at 760. The Third Circuit later amplified this standard in *D.K. v. Abington Sch. District,* and specifically addressed witnesses available at the due process hearing:

> The district court should not automatically "disallow testimony from all who did, or could have, testified before the administrative hearing," *Susan N.*, 70 F.3d at 759–60 (quoting *Burlington v. Dep't of Educ. for Mass.*, 736 F.2d 773, 790–91 (1st Cir.1984)), but the court need not consider evidence that is irrelevant or cumulative, *see id*. at 760.

696 F.3d 233, 253 (3d Cir. 2012).

*Susan N.* and *D.K.* underscore a consistent theme in the Third Circuit's IDEA jurisprudence: that courts have an independent duty to enforce the requirements of the IDEA, which Congress intended would ensure that every child receive a free appropriate public education (commonly known as a "FAPE"). *See Susan N.*, 70 F.3d at 759, 760 ("[A] district . . . must decide independently whether the requirements of the IDEA are met.") (citation and internal quotation marks omitted); *Charlene R. v. Solomon Charter Sch.*, 63 F. Supp. 3d 510, 517 ("[T]he Third Circuit, following the lead of the Supreme Court in *Burlington*, has recognized that the primary goal and driving factor behind the IDEA is Congress's desire that every child receive the FAPE that is their **right** under the Act.") (emphasis original). It is therefore proper for district courts to include relevant, non-cumulative, and useful evidence, even when it is from those who did, or could have, already testified in the due process hearing. *I.K. ex rel. B.K. v. Sch. Dist. Of Haverford Twp*., 961 F. Supp. 2d 674, 693 (E.D. Pa. 2013) (Dalzell, J.), *aff'd* 567 F. App'x. 135 (2014) ("Where Congress has specifically vested us with the authority to hear additional evidence not presented below--and our Court of Appeals has rejected an automatic

5

rule that would disallow supplemental testimony from all who already testified at an administrative hearing -- we will err on the side of evidentiary inclusion and not self-fetter our duty to find the truth.").

The school district cites to district court decisions suggesting that a party seeking to supplement the record has a heightened burden to justify why the evidence was not previously presented. *Antoine M. v. Chester Upland Sch. Dist.*, 420 F. Supp. 2d 396 (E.D. Pa. 2006); *Lebron v. N. Penn Sch. Dist.,* 769 F. Supp. 2d 788, 795 n.7 (E.D. Pa. 2011). But both cases pre-date the Third Circuit's decision in *D.K.*, which did not recognize such a threshold burden. I find it significant that although the district court in *D.K.* had assumed a party must justify its failure to produce the evidence previously,[1] the Court of Appeals excluded such a requirement from its formulation of the controlling standard.

In discerning the scope and import of an appellate decision, it can be useful to review the arguments presented for the court's consideration. In that regard, the defendant school district in *D.K.* made similar arguments to those raised here. In its appellate brief, the school district argued that the district court had properly imposed a burden on the parents to justify their failure to proffer the evidence in the administrative hearing, citing *Antoine M*. Brief of Appellee at 11-12, (No. 10-2189). With that argument before it, the Third Circuit not only declined to impose such a burden, but in setting forth the standard held that neither prior testimony nor the opportunity to testify precluded supplementation of the record. 696 F.3d at 253.

In summary, I do not find any support in the IDEA nor the binding precedent of this Circuit for recognizing a threshold requirement that a court must find a party justified in not

---

[1] "A reviewing court must determine whether the party introducing the additional evidence has presented sufficient justification for not proffering the evidence at the administrative hearing." *D.K. v. Abington Sch. Dist.*, No. CIV.A.08-CV-4914, 2010 WL 1223596, at *4 (E.D. Pa. Mar. 25, 2010), *aff'd*, 696 F.3d 233 (3d Cir. 2012).

presenting evidence at the due process hearing before exercising its discretion to admit such evidence. Where additional evidence is relevant, non-cumulative, and useful in determining whether a child was provided with a FAPE, it should be considered by the district court.

### III. Plaintiff's Proposed Supplementation

#### A. Ms. Conyers's Testimony

Plaintiffs seek to introduce additional testimony from M.C.'s mother. Specifically, Ms. Conyers seeks to testify to (1) M.C.'s functional, social, emotional, and behavioral abilities and weaknesses from April 2017 to the present; (2) her efforts to obtain a timely IEP for M.C. from April 2017 through October 2017; (3) her discussions in the Fall of 2017 with Defendant's witnesses, Tracy Marie Moody, Deborah Share, Niffari Poorman, and Laurie Smith Gonzalez; (4) the basis for her concerns about enrolling M.C. at Sayre High School in the Fall of 2017; and (5) the basis for her concerns that the IEPs proposed by the District in the Fall and Winter of 2017-18 were not appropriate.

In terms of whether this testimony is relevant and non-cumulative, Plaintiff contends that because of the sparse questioning by her attorney in the partial, first hearing, Ms. Conyers failed to present testimony regarding "per se procedural violations of the IDEA" as well as "virtually any testimony during Parent's direct examination that was relevant to meeting her burdens of proof."[2]  Pls.' Mot. 7, ECF No. 16-2.

---

[2] Although the defense seeks to characterize this as an "ineffective assistance of counsel" argument, I construe it as Plaintiff's effort to show how her testimony would be non-cumulative because it was not elicited by her former counsel.

Defendant argues that Ms. Conyers's testimony should be excluded because she testified "fully and completely" about events that occurred prior to January 2018 in the first hearing.[3] In support, Defendant notes that in general terms Ms. Conyers's testimony in the first hearing concerned M.C.'s educational background, educational placements, concerns about, and disapproval of his October 2017 IEP, his struggles with anxiety, growth in his current placement, and her intent to not re-enroll him in the district. Although the District posits that the "transcripts clearly speak for themselves," it provides almost no references to the record from the first hearing, and where it does, overstates the depth of Ms. Conyers's testimony.[4] Def.'s Reply 3, ECF No. 17.

Upon reviewing the transcript from the first hearing, I find that Ms. Conyers did not testify about the above subject areas to any extent that would make the requested testimony cumulative. This conclusion is supported by the IHO's statements when limiting Ms. Conyers's testimony at the second due process hearing. In explaining his decision, the IHO observed that, "questioning by Ms. Conyers's formal attorney . . . was **minimal as to that time period and as to those documents.**" 2d Hr'g Tr. 233:18-234:3 (emphasis added). Indeed, the IHO found that Ms. Conyers was more extensively questioned by defense counsel on cross-examination than by her own counsel on direct, and that after cross, "Ms. Conyers's attorney . . . had no further

---

[3] Defendant also invokes a policy argument about the implications of the IHO not limiting Ms. Conyers's testimony in the second due process hearing. Allowing her to testify again, Defendant argues, would allow plaintiffs to simply "do-over" due process hearings by withdrawing and then re-filing a complaint. This ignores the fact that once the case is assigned for a hearing, an IHO must approve its withdrawal.

[4] For example, Defendant argues that Ms. Conyers stated her "clear intent" not to enroll M.C. back in the District. The transcript does not read with such clarity: "(Q) Okay. And you have no intention of reenrolling your son in the District, do you? (A) I have no intention in taking my child to Sayre. And if he would be put into the District, it might be a charter school. But no, I really don't have a desire. Not really." I do not find that this shows Parent's intent as to the District as a whole, but her specific intent not to enroll M.C. at Sayre if that was the only option.

questions." 2d Hr'g Tr. 233:7-14. Moreover, rather than limiting her testimony for being gratuitous, the IHO seemed to base his limiting instruction solely on the notion that Ms. Conyers was testifying for the second time:

> Ms. Conyers had an opportunity to be examined about those events . . . . [T]hose interactions, those documents were being vetted through the adversarial process. . . . [T]he events of the fall of 2017 were vetted through an adversarial process and Ms. Conyers had the opportunity to testify represented by counsel as to those events, interactions, communications and documents.

2d Hr'g Tr. 233:24-237:7. Technically, *D.K.* does not control an IHO's evidentiary determinations at an administrative hearing. Ironically, however, the position taken by the IHO here is inconsistent with the precepts of *D.K.*—namely that the finder of fact should not automatically disallow relevant testimony from those who did or could have testified previously in determining whether FAPE was provided. The error in limiting Ms. Conyers' testimony at the second hearing was compounded when the IHO further prohibited Ms. Conyers from giving any relevant rebuttal testimony in response to District witnesses, even though those witnesses had not testified in the first hearing.

I find that as a result of the limiting instructions, the IHO made a decision based on a record that was one-sided regarding a particularly relevant time period. As to the parent's side of the case, he considered only testimony from a previous proceeding, borne from minimal questioning, where her attorney withdrew mid-hearing. In contrast, as to the District's side of the case, he considered several witnesses who testified as to a critical time period, to which he afforded no rebuttal.

This situation is analogous to the one considered in *I.K. v. Sch. Dist. of Haverford Twp.*, where the court considered whether to admit additional testimony from a parent's attorney who had already testified in a due process hearing. 961 F. Supp. 2d 674 (E.D. Pa. 2013) (Dalzell, J.)

9

*aff'd* 567 F. App'x. 135 (2014). There, the attorney's testimony was limited in the due process hearing by the parent's refusal to waive attorney-client privilege, which the parent then casted aside during her own testimony. *Id.* at 691. The court found that additional testimony from the attorney would not be cumulative because she had been prevented from providing such testimony due to the parent's initial assertion of privilege. *Id.* at 692.

Because Ms. Conyers' testimony is highly relevant and non-cumulative, it should be heard. In reaching this result, I do not suggest that district courts should turn a blind eye in exercising their "particularized discretion," if the record suggests a strategic manipulation of the hearing process. But absent such an indication relevant testimony should be considered. Here, there is no basis to conclude that Ms. Conyers is attempting to "leapfrog the agency proceedings."[5] The record suggests that she twice attempted to provide such testimony below, in the first instance limited by her attorney, and then a second time by the IHO. As a result, the record lacks relevant, useful evidence, which Plaintiff should be allowed to introduce for consideration.

B. Dr. Hurewitz's Testimony

Plaintiff further seeks to supplement the administrative record with additional testimony, subject to voir dire, from her expert, Dr. Hurewitz, regarding (1) the factual basis for her December 2017 Evaluation Report; (2) M.C.'s speech and language needs as they are addressed in Defendant's Winter 2017-18 IEPs; (3) the appropriateness of the programs, SDI, and goals in the District's fall and winter 2017-18 IEPs; and (4) the proper educational methodologies by which to address M.C.'s unique needs.

---

[5] *See Antoine, M*, 420 F. Supp 2d at 403.

10

Again, the dispute here centers on whether such testimony would be cumulative. Defendant argues that, like Ms. Conyers, Dr. Hurweitz was able to testify "completely" below, only limited by the IHO's finding that she was not qualified to give expert opinion on M.C.'s speech and language needs or the adequacy of his programming generally. As a result, any additional testimony would be "mere commentary with benefit of hindsight on the evidence presented at hearing." Def.'s Pretrial Mem., ECF No. 15.

The Third Circuit considered the appropriateness of allowing additional expert testimony in *D.K. v. Abington Sch. Dist.*, where it found that an expert report was properly excluded as cumulative because six of the nine pages of the report had already been introduced as exhibits, and the new evidence offered only commentary, given in hindsight, on evidence and testimony previously presented. *D.K.*, 696 F.3d at 253.

Unlike the expert report in *D.K.*, here the transcript from the second hearing indicates that the testimony Plaintiff seeks to add had not already been introduced. The IHO prohibited Dr. Hurewitz from testifying in areas because he found her to not be qualified as an expert witness. These areas included testimony regarding M.C.'s speech and language needs as well as the appropriateness of the District IEP in addressing his educational needs. This prohibition was levied without explanation as to why Dr. Hurewitz's experience teaching undergraduate and graduate coursework in speech and language pathology failed to qualify her. As a result, I find that Plaintiffs are not attempting to embellish testimony already given, but rather are seeking to proffer it in the first place. Because the testimony outlined above was not allowed in the due process hearing, it is by definition not cumulative, and it is potentially relevant to the issue of whether the programming offered in the 2017-2018 school year was appropriate.

I will therefore review the qualifications of Dr. Hurewitz and further consider Plaintiffs' request to submit her additional testimony.

**IV.     Conclusion**

Controlling Third Circuit precedent favors the admission of relevant and non-cumulative evidence necessary for the district court to consider in deciding whether a child has been provided with a FAPE. The Court of Appeals has not adopted any threshold requirement that a party first show cause for failing to proffer the testimony in the administrative hearing. Rather, a district court has the discretion to admit such evidence even where a party has given prior testimony or had the opportunity to do so. In this case, the IHO imposed limitations on the introduction of evidence at the second hearing that were not supported by any legal authority, and in the process, limited the scope of the record. He did so on the basis of hypothetical concerns about manipulation of the hearing process, without any basis on which to find that it had occurred in this case. I find the proffered evidence to be useful for the proper consideration of Plaintiff's claim. Plaintiffs' motion to Supplement the Administrative record will therefore be granted. An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge