# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.C. | : | |
| *A Minor, By and Through His Mother,* | : | |
| *Marie Conyers* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-520 |
| | : | |
| **SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA** | : | |

**McHUGH, J.**                                                                                           December 4, 2019

## MEMORANDUM

    This is an action brought under the Individuals with Disabilities Education Act (IDEA). In a prior memorandum and order entered on July 31, 2019, I granted Plaintiff leave to supplement the record with additional evidence from Marie Conyers, the student's mother, and further held that I would consider supplementation from an expert witness, Dr. Felicia Hurewitz, after review of her qualifications. The parties requested clarification of the import of that order as it pertained to Dr. Hurewitz, and in response I directed them to submit supplemental memoranda directed to her testimony. Upon review of those submissions, Defendant School District of Philadelphia has persuaded me that supplementation of the record through additional testimony from Dr. Hurewitz is unwarranted.

    As an initial matter, I take note that Plaintiff's more detailed description of the scope and purpose of the supplemental testimony has caused me to reevaluate the witness' prior testimony in a different light. I am persuaded that the witness was in fact permitted to develop her opinions adequately through a combination of the submission of her report, and through the questioning allowed by the hearing officer. With respect to the speech and language component of the Individualized Education Plan, the witness clearly communicated that in her opinion, given the

student's autism, the Plan failed to make adequate provisions for addressing language skills. It is the absence of such provisions that Dr. Hurewitz cites as one of the bases on which she criticizes the plan, and that point has been adequately made.

Ironically, Plaintiff's supplemental briefing, which reviews the record in some detail, underscores the degree to which the combination of the witness' testimony and report covered a wide range of topics for consideration by the hearing officer.

Plaintiff identifies four specific areas of supplementation. As to transition, and specifically as to limitations placed on the witness' testimony about M.C. transitioning to employment and independent living, both Dr. Hurewitz' resume and her description of her qualifications make clear that her expertise was limited to transitioning students from high school to college. Consequently, testimony from her on this subject would be of minimal value.

As to M.C.'s speech and language needs, following a more detailed and in-depth discussion of Dr. Hurewitz' qualifications, I see no need for additional testimony because the witness is not a speech and language pathologist.

As to the adequacy of the IEP, with respect to the witness' evaluations and observations, the combination of her report and testimony has already communicated her opinions. With respect to "facts adduced at the Due Process hearing," although I have held that the standard for supplementation is a liberal one, in my view allowing this type of *post hoc* supplementation would violate the standard established by the Third Circuit.

Finally, as to Plaintiff's request that Dr. Hurewitz' report be "admitted in its entirety," the report is before me for consideration, but will necessarily be evaluated with due regard to the qualifications of the witness to render the opinions the report contains.

The hearing to supplement the record will therefore be limited to testimony from Marie Conyers.

    /s/ Gerald Austin McHugh
United States District Judge